UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MONICA RODRIGUEZ ELPIDIO, et al.,

Plaintiffs,

v.

UNION PACIFIC RAILROAD COMPANY, et al.,

Defendants.

Case No. 15-cv-3071-PJH

**ORDER GRANTING MOTION TO INTERVENE AND MOTION TO TRANSFER**

Before the court are two motions filed by proposed intervenors Coachella Self Storage LLC, James Pilcher, Susan Pilcher, Martin Wells and Susan Wells as trustees of the Martin & Susan Wells Revocable Trust, and Charles Serrano and Barbara Sloan as trustees of the Charles Serrano and Barbara Sloan 2012 Revocable Trust (collectively, the "proposed intervenors").  The proposed intervenors have filed a motion to intervene in the present suit and a motion to transfer this action to the Central District of California.  The court finds the matters suitable for resolution without a hearing, and thus VACATES the October 7, 2015 hearing on the motions.

Importantly, the current plaintiffs in this suit have filed a statement of non-opposition, indicating that they do not oppose intervention nor do they oppose transfer of this action to the Central District of California.  No defendant has filed an opposition to either motion, the only response being a "statement" from defendant Kinder Morgan informing the court of various developments in three similar cases pending in the Central District.

First, regarding the motion to intervene, permissive intervention pursuant to Fed. R. Civ. P. 24(b) provides that upon "timely application" a party may be permitted to

1  intervene "when an applicant's claim or defense and the main action have a question of
2  law or fact in common." In exercising its discretion, the court is to "consider whether the
3  intervention will unduly delay or prejudice the adjudication of the rights of the original
4  parties." Id.  In sum, permissive intervention "requires (1) an independent ground for
5  jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the
6  movant's claim or defense and the main action." Beckman Indus. v. International Ins.
7  Co., 966 F.2d 470, 473 (9th Cir. 1992).

8  The court finds that the proposed intervenors do meet these requirements, and in
9  light of the lack of opposition to the motion, the court GRANTS the motion to intervene.

10  Second, regarding the motion to transfer, the proposed intervenors set forth two
11  alternative bases for their motion:  (1) the first-to-file rule, in light of the voluntary
12  dismissal of the first action filed in this district, and (2) the § 1404 convenience analysis.
13  Because the court finds that transfer is warranted under § 1404, it need not address the
14  first-to-file rule.

15  "For the convenience of parties and witnesses, in the interest of justice, a district
16  court may transfer any civil action to any other district or division where it might have
17  been brought." 28 U.S.C. § 1404(a).  Section 1404(a) "is intended to place discretion in
18  the district court to adjudicate motions for transfer according to an 'individualized, case-
19  by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp.,
20  487 U.S. 22, 29 (1988) (citation omitted).  Thus, in considering whether to grant a motion
21  to transfer, the district court may consider any of a number of "case-specific factors." See
22  id.

23  Although § 1404(a) lists three factors - convenience of parties, convenience of
24  witnesses, and the interest of justice - rulings in motions brought under § 1404(a) can
25  involve a number of other considerations. For example, the court can consider:

26     1) the location where the relevant documents were negotiated and executed;
27     2) the state most familiar with the governing law (in order to avoid confusion with
28       application of foreign law);

    3) plaintiff's choice of forum;

    4) the parties' contacts with the forum and the connection between plaintiff's cause of action and the chosen forum;

    5) the differences in the costs of litigation in the two forums and congestion of the courts;

    6) the ability to compel attendance of unwilling non-party witnesses;

    7) the ease of access to sources of proof and the convenience of the witnesses;

    8) the relevant public policy of the forum state and whether there is a local interest in having localized controversies decided at home; and

    9) the unfairness of imposing jury duty on citizens in a forum unrelated to the action.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000); see also Schwarzer, Tashima & Wagstaffe, Federal Civil Procedure Before Trial (2006) § 4:269, et seq. (relevant factors may include relative ease of access to proof; reach of subpoena power to secure witness attendance; the feasibility of consolidation with action pending elsewhere; state that is most familiar with governing state law; relative means of parties; relative docket congestion; plaintiff's choice of forum; each party's contacts with forum; contacts relating to plaintiff's cause of action in chosen forum; and differences in cost of litigation in two forums).

    The court finds that the interests of justice and judicial economy are served by transfer to the Central District of California. In particular, the pendency of three cases involving similar allegations, including one originally filed in this district then voluntarily dismissed and re-filed in the Central District – and all three of which have been consolidated in the Central District – demonstrate that the interests of justice are best served by transferring this action to the Central District. Accordingly, the motion to transfer is GRANTED.

**IT IS SO ORDERED.**

Dated:  September 18, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge